# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re*: L.T. and C.B.

No. 16-0524 (Barbour County 14-JA-22 & 14-JA-23)

**FILED**

**November 14, 2016**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Mother A.J., by counsel Thomas B. Hoxie, appeals the Circuit Court of Barbour County's May 6, 2016, order terminating her parental rights to thirteen-year-old L.T. and ten-year-old C.B.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Lee Niezgoda, filed its response in support of the circuit court's order. The guardian ad litem ("guardian"), Karen Hill Johnson, filed a response on behalf of the children also in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in (1) terminating her parental rights without imposing a less-restrictive dispositional alternative; and (2) denying her post-termination visitation with the children.[2]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In March of 2014, the DHHR filed an abuse and neglect petition against petitioner for the abuse and neglect of L.T. and C.B. In that petition, the DHHR alleged that petitioner exposed the children to illegal drug use and committed educational neglect by allowing them to be truant

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

[2]We note that West Virginia Code §§ 49-1-1 through 49-11-10 were repealed and recodified during the 2015 Regular Session of the West Virginia Legislature. The new enactment, West Virginia Code §§ 49-1-101 through 49-7-304, has minor stylistic changes and became effective on May 20, 2015. In this memorandum decision, we apply the statutes as they existed during the pendency of the proceedings below. It is important to note, however, that the abuse and neglect statutes underwent minor stylistic revisions and the applicable changes have no impact on the Court's decision herein.

1

from school.[3] At the adjudicatory hearing held in September of 2014, petitioner admitted to the allegations in the petition. Petitioner further admitted at that hearing that she continued to take Suboxone, but she argued that she had a valid prescription for that substance. Based on petitioner's admissions, the circuit court found her to be an abusing parent.

Thereafter, petitioner moved for a six-month, post-adjudicatory improvement period. In December of 2014, the circuit court held a review hearing at which time it granted petitioner's motion. Under the terms and conditions of her improvement period, petitioner was required to, inter alia, complete psychological, substance abuse, and parental-fitness evaluations and comply with the recommendations thereof; attend parenting and adult life skills classes; obtain suitable housing and employment; submit to drug screening; wean off of Suboxone; attend all court proceedings; and attend supervised visitation with the children.

In June, September, and December of 2015, respectively, the circuit court held three review hearings. At the first review hearing, despite evidence that petitioner had not fully complied with her services, the circuit court permitted petitioner to continue under the terms of her improvement period at that time. At the second review hearing, the circuit court granted petitioner's motion for a dispositional improvement period of three additional months. At the third review hearing in December of 2015, the circuit court found that petitioner had not progressed in her improvement period, and the matter was scheduled for final disposition.

In February of 2016, the circuit court held the final dispositional hearing. By that time, the guardian had filed her report recommending that petitioner's parental rights be terminated. In that report, the guardian noted, among other concerns, petitioner's failure to complete the psychological evaluation; failure to submit to drug screens as directed; failure to obtain employment; and failure to wean off of Suboxone as directed. At the final dispositional hearing, the circuit court heard testimony from several DHHR contractors/employees that petitioner continued to use Suboxone; spoke negatively of L.T.'s father and his then-wife during visits with the children; focused so extensively on the conduct of L.T.'s father that she could not complete lessons in her parenting and adult life skills classes; and was substantially non-compliant with drug screening. The circuit court also heard evidence that petitioner shared a noticeable bond with the children.

At the conclusion of the hearing, the circuit court found that petitioner failed to correct the conditions of abuse and neglect during her lengthy improvement period. The circuit court further found that, while petitioner had a bond with her children, it was not in the children's best interests to have unsupervised visits and that petitioner had no further right to visit with the children. However, the circuit court directed the multidisciplinary team ("MDT") to decide whether the children had the right to supervised, post-termination visitation and should be given

---

[3]An amended petition was later filed regarding petitioner's third child, eleven-year-old S.P. During the course of the underlying proceedings, petitioner voluntarily relinquished her parental rights to S.P., and petitioner raises no assignments of error regarding that relinquishment. Therefore, this memorandum decision relates only to petitioner's involuntary termination of parental rights to L.T. and C.B.

the same.[4] In a detailed, sixty-seven page order entered on May 6, 2016, the circuit court terminated petitioner's parental rights to the children. This appeal followed.

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Further, our case law is clear that "in the context of abuse and neglect proceedings, the circuit court is the entity charged with weighing the credibility of witnesses and rendering findings of fact." *In re Emily*, 208 W.Va. 325, 339, 540 S.E.2d 542, 556 (2000) (citing Syl. Pt. 1, in part, *In re Travis W.*, 206 W.Va. 478, 525 S.E.2d 669 (1999)); *see also Michael D.C. v. Wanda L.C.*, 201 W.Va. 381, 388, 497 S.E.2d 531, 538 (1997) (stating that "[a] reviewing court cannot assess witness credibility through a record. The trier of fact is uniquely situated to make such determinations and this Court is not in a position to, and will not, second guess such determinations.").

On appeal, petitioner first argues that the circuit court erred in terminating her parental rights without imposing a less-restrictive dispositional alternative. West Virginia Code § 49-4-604(a)(6) provides that circuit courts are directed to terminate parental rights upon finding that there is "no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future" and that termination is necessary for the children's welfare. West Virginia Code § 49-4-604(c)(3) provides that no reasonable likelihood that the conditions of abuse or neglect can be substantially corrected exists when "[t]he abusing parent . . . ha[s] not responded to or followed through with a reasonable family case plan or other rehabilitative efforts[.]" We have also held that "[t]ermination . . . may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood . . . that conditions of neglect or abuse can be substantially corrected." Syl. Pt. 7, in part, *In re Katie S.*, 198 W.Va. 79, 479 S.E.2d 589 (1996).

In this case, petitioner argues that two less-restrictive dispositional alternatives to termination of her parental rights existed at the time of disposition: (1) termination of her custodial rights to the children and not her parental rights, due to her bond with the children; or

---

[4]The record on appeal does not reveal what, if anything, the MDT decided regarding petitioner's post-termination visitation.

(2) guardianship in the children's caregivers, which would negate the need to terminate any of petitioner's rights to the children. Based on our review, we find that the evidence required termination of petitioner's parental rights as the least-restrictive dispositional alternative.

The record reveals that petitioner was granted two improvement periods and spent more than one year in DHHR's services during these proceedings. In that time, she failed to substantially correct the underlying conditions of abuse and neglect and failed to improve her parenting such that she could reunify with her children. During the same time period, her children had to be cared for by others and had to live with the constant uncertainty that they may or may not be returned to petitioner's care, custody, and control. Based on those facts, it is clear that there was no reasonable likelihood that petitioner could have substantially corrected the conditions of neglect or abuse in the near future and, at the time of the final dispositional hearing, the children's best interests were served by achieving permanent placement. Because courts are directed to terminate parental rights based upon those two findings, we find no error in the circuit court's termination of petitioner's parental rights without imposing a less-restrictive dispositional alternative.

Petitioner's second assignment of error is that the circuit court erred in denying her post-termination visitation with the children. Post-termination visitation is a discretionary action and not compulsory upon the circuit court. We have previously held that, in deciding whether post-termination visitation is appropriate, a circuit court should consider three factors: (1) whether there is a close emotional bond between parent and children; (2) the children's wishes, if the children are of the appropriate maturity to make such a request; and (3) whether continued visitation would be detrimental to the children's best interests. Syl. Pt. 5, *In re Christina L.*, 194 W.Va. 446, 460 S.E.2d 692 (1995); Syl., *In re Alyssa W.*, 217 W.Va. 707, 708, 619 S.E.2d 220, 221 (2005). Petitioner argues that she was entitled to post-termination visitation because she shared a bond with her children. While there is limited evidence in the record on appeal as to whether petitioner shared a close, emotional bond with her children, the circuit court found that a bond existed between them. However, the analysis of this issue does not end with the finding that there is a bond between parent and children. Here, in addition to evidence of such a bond, the circuit court also heard significant evidence of petitioner's history of drug use; her repeated failures during her two improvement periods, including her failure to comply with drug screening as directed; and her negative remarks about L.T.'s father and his then-wife during visits with the children. Under the circumstances of this case, we find no abuse of discretion in the circuit court's ruling that petitioner had no right to post-termination visitation with the children. As such, petitioner's second assignment of error is without merit.

For the foregoing reasons, we hereby affirm the circuit court's May 6, 2016, order.

Affirmed.

**ISSUED**: November 14, 2016

4

**CONCURRED IN BY**:

Chief Justice Menis E. Ketchum
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II